UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE STITH, | Case No. 1:23-cv-00947-JLT-HBK (PC) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO SHOW CAUSE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(m) |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

This matter was reassigned to the undersigned magistrate judge on July 3, 2025, and is before the Court following review of the file. (*See* Doc. No. 36).

Plaintiff filed her complaint on June 23, 2023, and her first amended complaint on August 14, 2023. (Doc. Nos. 1, 15). The Clerk of Court issued summonses for Defendants on February 26, 2024. (Doc. No. 21). On August 29, 2024, Defendants California Department of Corrections and Rehabilitation ("CDCR") and M. Pallares, along with Plaintiff, filed a stipulation to extend those Defendants' deadline to respond, representing that "Plaintiff purportedly served Defendants CDCR and M. Pallares … on August 13, 2024." (Doc. No. 25).

Noting that "no proofs of service indicating that the operative complaint in each matter [related to this case] was served on the appropriate defendant(s) ha[d] been filed with the Court," on November 12, 2024, the previously assigned magistrate judge ordered Plaintiff's counsel to "inform the Court why he has not filed the appropriate proofs of service with the Court" or,

alternatively, file the proofs of service within seven days. (Doc. No. 31). As of the date of this order, no proofs of service have been docketed nor has Plaintiff's counsel filed a response to the Court's order concerning service.[1] (*See generally* docket).

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days of filing the complaint. The time may be extended for good cause shown. If a defendant is not served within the requisite time period, after notice to plaintiff, the court <u>must</u> dismiss the action without prejudice, or order that service be made within a certain time period. (*Id.*) (emphasis added). Because more than 90 days have passed and it appears only Defendants CDCR and Pallares have been served a copy of the complaint and summons, Plaintiff is directed to show good cause why the remaining defendants—specifically Defendants AW Dotson, CO Gensel, Captain Turnen, Sgt. Dawson, and Gregory Rodriguez[2]—should not be dismissed under Rule 4.[3]

Accordingly, it is **ORDERED**:

1. Within fourteen (14) days of the date on this Order, Plaintiff shall show good cause why the unserved defendants, including Defendant Rodriguez, should not be dismissed under Federal Rule of Civil Procedure 4(m).

2. Failure to respond to this order will result in the recommendation that Plaintiff's claims against defendants other than CDCR and Pallares be dismissed without prejudice without further notice.

Dated:   July 31, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] In response to separate orders concerning which Defendants remained in the case (*see* Doc. Nos. 32, 33), Plaintiff requested that "Acting Warden Michael Pallares and Officer Gregory Rodriguez remain as Defendants, both of whom have been served by Plaintiff." (Doc. No. 34 at 2). Despite this representation, no proof of service as to either Pallares or Rodriguez has been filed. (*See generally* docket).

[2] These Defendants are identified in the body of the First Amended Complaint. The caption page also names Officers White, Brown and Sousa as Defendants.

[3] To the extent Plaintiff intended to voluntarily dismiss other named defendants (*see* Doc. No. 34), she shall file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41 within the same fourteen days.