UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLENE STITH,

Plaintiff,

v.

GREG RODRIGUEZ,

Defendant.

Case No. 1:23-cv-00947-JLT-HBK (PC)

FINAL ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AND WHY COUNSEL SHOULD NOT BE REFERRED FOR DISCIPLINARY REVIEW

DECEMBER 7, 2026 DEADLINE

This matter is before the Court on review of the docket. Plaintiff, a state prisoner, represented by Joseph A. Virgilio and The Justice Firm repeatedly failed to comply with the Court's orders and to prosecute this action.

On June 9, 2026, the Court ordered Plaintiff, within thirty days, either to move for default judgment or show cause why this action should not be dismissed for failure to prosecute. (Doc. 54). When Plaintiff failed to respond, the Court issued an order to show cause. (Doc. 55). The Court subsequently extended Plaintiff's deadline to September 28, 2026. (Doc. 57). That deadline has passed, and Plaintiff has neither complied with the Court's directive nor otherwise responded.

This failure is part of a recurring pattern in this action. Since filing the complaint on June 23, 2023, Plaintiff has failed to move or respond timely to orders concerning payment of the

filing fee (Doc. 13), a motion to dismiss (Doc. 30), service of process and identification of remaining defendants (Docs. 31–32), and a motion for default judgment (Docs. 54, 57). These failures required the Court to issue additional orders to obtain compliance. (Docs. 33, 37, 55; *see also* Docs. 34, 42, 56). The Court also issued separate orders to show cause concerning another service issue and entry of default before Plaintiff responded. (Docs. 39, 46,). Additionally, the former magistrate judge had issued findings and recommendations to dismiss this action for failure to pay the filing fee, which were vacated after Plaintiff moved for *in forma pauperis* status. (Docs. 16–17, 23).

The Court's orders are not optional, and compliance may not depend on repeated reminders. Each additional order prompted by an unaddressed deadline diverts judicial resources from other litigants and delays resolution of this action. The extension and additional opportunities afforded to date have not secured compliance with the Court's recent outstanding directive.

The Court is also concerned that counsel's failures in this action may reflect a broader pattern. Orders addressing apparent failure to comply with court directives or to advance litigation have been issued in other actions in which Virgilio and The Justice Firm have appeared. *See* E.D. Cal. Case Nos. 2:21-cv-01118, Docs. 46–49; 1:23-cv-00973, Docs. 27–30, 34–35, 42, 49–50, 52; 1:23-cv-00974, Docs. 28–31, 34–36, 43; 1:23-cv-00975, Docs. 36, 44–46, 54; 1:23-cv-00976, Docs. 33, 41–43, 45, 48; 1:23-cv-00977, Docs. 24–27, 32, 34; 1:23-cv-01323, Docs. 26, 28, 34–36, 41; 1:23-cv-01324, Docs. 23, 29–31, 35; 1:24-cv-00482, Docs. 5–7, 21, 23–25, 29, 37, 44–45, 47; 1:26-cv-04988, Docs. 6–7. Counsel shall have an opportunity to address these matters before the Court determines whether a disciplinary referral is warranted. Any dismissal in this action will rest on the record in this action, not counsel's conduct in unrelated proceedings.

Federal Rule of Civil Procedure 41(b) authorizes dismissal for failure to prosecute or to comply with a court order. Local Rule 110 likewise permits sanctions for failure to comply with the Local Rules or an order of the Court. Before dismissing an action, the Court considers "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage it docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases

on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

The Court recognizes the policy favoring disposition on the merits and the seriousness of dismissal, particularly where the failures at issue may be attributable to counsel. The Court therefore affords Plaintiff one final opportunity to explain the noncompliance and demonstrate that this action will be diligently prosecuted. The Court also requires counsel to address whether measures directed at counsel, rather than dismissal of Plaintiff's action, would secure compliance. The Court will consider the response, or failure to respond, in determining the appropriate next step.

Separately, Local Rule 184(a) authorizes appropriate disciplinary action against an attorney after reasonable notice and an opportunity to show cause. Counsel's repeated apparent failures to comply with court orders raise concerns warranting an explanation and consideration of referral to the State Bar of California. This order provides notice and opportunity to respond; it does not determine whether professional misconduct has occurred or if a referral is warranted.

Accordingly, IT IS ORDERED:

1. No later than December 7, 2026, Plaintiff shall show cause in writing why this action should not be dismissed for failure to prosecute and failure to comply with the Court's Orders. The response shall: (a) Explain the failure to comply with the Court' s directive to move for default judgment or show cause, including the failure to meet the extended September 28, 2026 deadline, or seek a further extension of time; (b) State whether Plaintiff intends to prosecute this action; and (c) If Plaintiff intends to proceed, identify the steps necessary to advance the action and propose specific dates for completing them.

2. By the same date, Joseph A. Virgilio shall file a separate declaration under penalty of perjury addressing: (a) The reasons for the failures identified in this order and his responsibility, and that of any other responsible attorney, for those failures; (b) The corrective measures implemented to ensure timely compliance with future orders; (c) Whether sanctions directed at counsel, rather than dismissal of

Plaintiff's action, would secure compliance, and the basis for that position; and (d) Why the conduct identified in this action and the other proceedings cited above should not be referred to the State Bar of California for review. Counsel shall identify any material inaccuracies in the Court's descriptions of those proceedings.

3. Counsel shall promptly provide Plaintiff with a copy of this order and shall certify in the response required above the date and manner of transmission.

4. Filing a motion for default judgment will not, by itself, discharge the separate obligations to explain the prior noncompliance and respond to the potential disciplinary referral.

5. Failure to comply timely with this order *shall* result in a dismissal under Rule 41(b) and Local Rule 110 by the district court, without further warning. Counsel's failure to respond to the disciplinary portions of this order may also result in referral to the State Bar of California after consideration of the existing record.

Dated: November 25, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE